ON MOTION FOR REHEARING DENIED
The appellant, Greenfield, has moved for rehearing citing Jarrard v. Associates Discount Corp., 99 So.2d 272 (Fla.1957) for the proposition that the trial court should not have been permitted to base its finding of a partnership by estoppel upon an inference. Although the motion merits some discussion, we adhere to our original opinion.
In Jarrará, a discount corporation sought to replevy automobiles from one Cherry, their original seller. Cherry had sold the automobiles to Bill Fade Motors issuing bills of sale in exchange for payment by checks. Bill Fade Motors then executed trust receipts to the plaintiff discount corporation in exchange for its checks. When the checks from Bill Fade Motors to Cherry were returned unpaid and Bill Fade failed to otherwise make his payments, Cherry took back the automobiles.
On the strength of the trust receipts, the discount corporation sued for replevin asserting superior title to the automobiles. Furthermore, it claimed that Cherry was estopped to assert his better title because he had issued bills of sale upon which the discount corporation relied. In this regard, *576 the evidence showed that the discount corporation had a practice of examining indicia of title to automobiles within twenty-four hours of issuing checks in exchange for trust receipts thereon. The theory of reliance was that if the discount corporation had followed its normal procedure and had discovered a lack of title to the automobiles, it could have demanded payment for the sums due under the trust receipts and could have moved against Bill Fade Motors’ assets if not paid those sums.[1] However, there was no evidence that the normal procedure had been followed with respect to the transaction in question.
The trial court accepted the reliance theory and found sufficient evidence to support an estoppel. The supreme court had no quarrel with the theory of reliance but nonetheless reversed holding that the evidence was not sufficiently certain, clear, and satisfactory to prove the essential elements of estoppel. The supreme court thus refused to indulge in the inference that because the discount corporation had a customary practice when accepting trust receipts, such practice was adhered to on the particular occasion under discussion.
The Jarrará case does not control the one before us. To infer that Greenfield consented to Garfinkle’s actions, the trial court here needed only to interpret Greenfield’s conduct in signing the checks for payments on the lease. It was not necessary, as it would have been in Jarrará, to infer that certain conduct had actually been carried out. Having disbelieved Greenfield’s obviously biased and totally uncorroborated explanation for the checks, the trial court was left with an unambiguous expression and affirmation of partnership — checks signed by Greenfield bearing the inscription “Os-serman, Garfinkle and Greenfield Attorneys at Law,” drawn on an account in the same names, and made out as payments on a lease purporting to be the obligation of those people doing business as co-partners. The only reasonable conclusion was that Greenfield had acquiesced in Garfinkle’s procurement of a lease for an ostensible partnership.
The motion for rehearing is, therefore, denied.

. Although it was not mentioned in the Jarrará opinion, apparently Bill Fade Motors was at the time of suit devoid of sufficient assets to satisfy the trust receipts.